# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RICHARD WADE KENDRICK,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00505 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **L. EDMONDS, WARDEN,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Richard Wade Kendrick*, Pro Se Petitioner; *Leanna C. Minix*, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.

Richard Wade Kendrick, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2018 state conviction for violating a protective order, for which he received a suspended five-year sentence, conditioned on successful completion of 18 months of supervised probation. Respondent has filed a Motion to Dismiss, to which Kendrick has responded. Upon review of the record and pleadings, I find that Kendrick had not exhausted his state review at the time this § 2254 petition was filed, and the time in which he could have done so has now expired. However, pursuant to 28 U.S.C. § 2254(b)(2), I will deny Kendrick's claims on their merits, notwithstanding his failure to exhaust his state court remedies.

I.

On April 3, 2017, a grand jury in Albemarle County, Virginia, indicted Kendrick on eight charges, including three charges of wearing a mask in public in violation of Va. Code Ann. § 18.2-422, three charges of misdemeanor destruction of property in violation of Va. Code Ann. § 18.2-137, violation of a protective order in violation of Va. Code Ann. § 18.2-60.4(C), and stalking in violation of Va. Code § 18.2-60.3(A). Kendrick was arrested on on April 6, 2017. At his initial appearance on April 7, 2017, the trial court amended Kendrick's name by removing the suffix "Jr." after his name, based on Kendrick's statement. Kendrick was thereafter released on bond.

Between April and October 2017, the court heard motions in the case, including initial counsel's motion to withdraw, a motion to dismiss the charges, a amotion to sever the charges, and a motion in limine. The court granted the motion to sever, and trial began on October 17, 2017, on four of the charges, two for wearing a mask in public and two for destruction of property. After a two-day trial, the jury convicted Kendrick on all four charges, and the court ordered a presentencing report. On December 11, 2017, Kendrick filed a motion for a new trial.

The sentencing hearing was scheduled for December, but it was continued and Kendrick was taken into custody. On January 18, 2018, an order for a mental health evaluation was entered. In March, at Kendrick's request, new counsel was

appointed, and counsel promptly requested another continuance of the date for the trial on the additional charges. Another motion to sever was filed regarding the remaining charges, and the second trial, limited to the remaining charge of wearing a mask in public and of destruction of property, was scheduled for June 25, 2018. Meanwhile, the sentencing hearing for the first trial was finally held on May 30, 2018. The court imposed a sentence of nine months on each of the four charges, for a total sentence of 36 months on the first four of the charges.

The second jury trial was held on June 25, 2018, and the jury convicted Kendrick of both charges. On December 4, 2018, the court sentenced Kendrick to five years' imprisonment for wearing a mask in public and 12 months for destruction of property.

After losing the two jury trials, Kendrick opted to enter a plea agreement for the remaining two charges. In exchange for his plea of guilty to violation of a protective order, the Commonwealth agreed to nolle prosequi the stalking charge. On July 5, 2018, Kendrick pled guilty to violation of a protective order, and the court convicted him and imposed the sentence agreed under the plea agreement, consisting of five years in prison, all suspended, conditioned upon 18 months of supervised probation upon his release from custody on the other six charges.

The trial court entered its judgment orders for the guilty plea and for the first jury trial on October 18, 2018. The judgment from the second jury trial was entered

on February 1, 2019. Kendrick timely appealed the convictions and sentences from both jury trials. The Court of Appeals of Virginia denied his petition for appeal from the four convictions from the October 2017 jury trial (Record No. 0956-18-2) and the Supreme Court of Virginia refused his appeal on April 22, 2020 (Record No. 191352). The Court of Appeals denied his petition for appeal from the June 2018 trial (Record No. 1922-18-2) and the Supreme Court of Virginia refused his appeal on April 4, 2020 (Record No. 191277). Kendrick did not appeal the judgment based on his guilty plea.

Before his direct appeals were decided, Kendrick filed three state habeas petitions in the Albemarle County Circuit Court. The first petition (Record No. CL19-956), challenging the two convictions from the June 2018 jury trial, was filed June 13, 2019, followed by a second petition (Record No. CL19-1043) on June 28, 2019. The third petition was filed December 9, 2019 (Record No. CL19-1932). According to the Virginia online case information system, that third case is still active. I am not able to determine from the information provided at this time which convictions Kendrick intended to address in CL19-1043 and which were the subject of CL19-1932, still pending.

The circuit court addressed the claims raised in CL19-956 for all three sentencing events in a single opinion dated May 6, 2021. Most of Kendrick's complaints alleging error by the trial court and misconduct by the police and

prosecutor were barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because the claims had not been raised at trial or on appeal. Others were barred because they had been previously litigated on direct appeal. His claims challenging the violation of a protective order conviction, to which he had pled guilty, were deemed waived by his voluntary plea.

The opinion addressing all claims was entered in CL19-956, along with a dismissal order. The same date, May 6, 2021, the trial court dismissed CL19-1043 as a successive petition. The Supreme Court of Virginia procedurally dismissed the appeal on May 31, 2022. (Record No. 211052). Kendrick also filed a petition for appeal in the Court of Appeals in case CL19-1043 but failed to file a notice of appeal in the circuit court. The Court of Appeals of Virginia dismissed the petition for lack of jurisdiction on September 27, 2021. Kendrick appealed the dismissal to the Supreme Court of Virginia, which procedurally dismissed the appeal on July 1, 2022. (Record No. 211090).

Kendrick filed the present § 2254 petition on September 30, 2021, while all three habeas petitions were still pending, On the first page of the federal petition, Kendrick indicated that the conviction he is challenging is for violation of a protection order, for which he was convicted July 5, 2018, and sentenced to five

years suspended with 18 months of supervised probation.[1] This petition raises only two issues:

1. That his constitutional right to indictment by a grand jury has been violated because the indictment named Richard Wade Kendrick, Jr., and petitioner states that he is not a "Jr." Further, the trial court's amendment to the indictment, removing the junior, allegedly voided the indictment.
2. That his constitutional right to speedy trial under the Act was violated.

## II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application for habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Federal courts have

---

[1] On page three of his form petition, when asked if he pled guilty to one charge and not guilty to another, he listed all three sets of charges. From his other answers and his arguments, however, it is clear this petition is meant to address only the charge to which he pled guilty. Any doubt about that intent is eliminated by Kendrick's recent filing of two additional § 2254 petitions in this Court, one addressing the October 2017 jury trial (Case No. 7:22cv431) and the other addressing the June 2018 jury trial (Case No. 7:22cv454).

denied unexhausted claims on the merits even where, as here, the respondent has simply filed a motion to dismiss on exhaustion grounds without addressing the merits of the claims in their motion or answer. *Campos v. Johnson*, 958 F. Supp. 1180, 1188 (W.D. Tex. 1997). If a federal habeas petitioner does not raise even arguable federal claims, the courts and parties will be well served by the federal district court addressing the merits of the unexhausted claims. *Id.* This course of action is particularly appropriate where dismissal of unexhausted claims without prejudice would leave a petitioner in procedural limbo regarding claims that can no longer be exhausted in state court now, which would simply elevate form over substance. *Yarbrough v. Eagen*, No. 14-cv-10460-DT, 2015 WL 349020 at *3 (E.D. Mich. Jan. 25, 2015).

III.

A. Constitutionality of the Amended Indictment.

Kendrick asserts that his rights under the Fifth Amendment's Presentment Clause were violated when the trial court amended the indictment by removing the suffix "Jr." after his name. The Supreme Court has interpreted that clause to mean that an indictment may not be "amended except by resubmission to the grand jury." *Russell v. United States*, 369 U.S. 749, 770 (1962). This prohibition does not extend to alterations that are "merely a matter of form." *Id.* An amendment of form does not change the nature and elements of the charges against the person, does not

change the potential penalty, does not result in unfair surprise to the defendant, does not impair his protection from double jeopardy, and does not otherwise prejudice the defendant. *United States v. Stegman*, 873 F.3d 1215, 1223 (10th Cir. 2017). An indictment accuses a person of a particular crime. "It is an accusation against a person, and not against a name." *United States v. Fawcett*, 115 F.2d 764, 767 (3d Cir. 1940).

Many circuits have "allowed ministerial corrections of clerical errors in names, dates, and citations, so long as the change would not deprive the defendant of notice of the charges against him." *United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010). The Fourth Circuit has done so as well. In *United States v. Steward*, the Fourth Circuit allowed the amendment of an indictment that changed the defendant's name from Warren Stewart to Ron Christopher Stewart, holding that a misnomer can be corrected by amendment of the indictment without returning to the grand jury. No. 92-5191, 1993 WL 408164, at *1 (4th Cir. Oct. 12, 1993) (unpublished). This is in accord with other courts. *United States v. Mason*, 869 F.2d 414, 417 (8th Cir. 1989) (allowing trial court's amendment of defendant's middle initial from "H." to "R." as a misnomer); *United States v. Young Brothers, Inc.,* 728 F.2d 682, 692 (5th Cir. 1984) (allowing trial court to amend defendant's name from "Young Brothers., Inc." to "Young Brothers, Inc. Contractors"); *United States v. Owens*, 334 F. Supp. 1030, 1031 (D. Minn. 1971) (amending indictment to correct a defendant's name

from "Charles Rush" to "Garland Rush"). If amending the name or middle initial of a party is an acceptable amendment as a matter of form, then amending a suffix such as "Jr." is equally a matter of form.

The cases cited by Kendrick in support of his argument that the indictment cannot be amended, except by a grand jury, are not applicable to this case because they involve amendments that change the indictment to a different charge, thereby depriving the defendant of his right to indictment by a grand jury and fair notice of the charges against him. Kendrick suffered no such prejudice in this case. He advised the court that he was not a "Jr." and the court amended the indictment to reflect that "Jr." was not part of Kendrick's name. This claim is without merit, and I will dismiss it.

### B. Speedy Trial Rights.

Kendrick appears to be raising violation of the state speedy trial statute, Va. Code Ann. § 19.2-243, as well as federal constitutional claim under the Sixth Amendment. While both claims concern the time within which a trial should commence after a defendant has been charged, one is a state statutory claim, governed by the language of the statute, and the other is a federal constitutional claim, governed by decisions of the Supreme Court interpreting the Sixth Amendment right. State statutory interpretation and application are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Accordingly, this court cannot consider Kendrick's claimed violation of the Virginia statute.

Claims of speedy trial right violations under the federal Constitution are resolved by balancing four factors: Length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Kendrick's argument focused entirely on the nine months from the date of his arrest, which is entirely based on Va. Code Ann. § 19.2-243. Pet. Attach. 45, ECF No. 1-1. He does not address reasons for the delay or prejudice to him from the delay. Therefore, he has not developed his constitutional claim.

Kendrick was released on bond after his arrest and did not return to custody until after he had been convicted by a jury on the first set of charges. The reasons for the delay included his own request for separate jury trials on the several charges, his multiple requests for new attorneys, a motion for a mental health evaluation, and various pre-trial defense motions. The delay in resolving this case, the last of the three separately scheduled groups, was primarily attributable to the defendant, which weighs against him. Kendrick did not previously assert any violation of his speedy trial rights, not even in his state habeas, so he certainly did not timely assert a desire to be tried earlier. Finally, Kendrick has alleged no prejudice to him from the delay, and none is apparent from the record. His claim is insufficient to show a

constitutional violation as pled, and the facts do not render his claim even arguable. I will dismiss this claim.

## IV.

For the reasons stated, I will dismiss the petition. I decline to issue a certificate of appealability because Kendrick has not made a substantial showing of the denial of a constitutional right. A separate Final Order will be entered herewith.

DATED: September 7, 2022

/s/ JAMES P. JONES
Senior United States District Judge