## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **RICHARD WADE KENDRICK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00505 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | |
| **L. EDMONDS, WARDEN,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Richard Wade Kendrick, Pro Se Petitioner; Mason D. Williams, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Richard Wade Kendrick, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2018 conviction for violating a protective order, for which he received a suspended five-year sentence, conditioned on successful completion of supervised probation. The respondent has filed a Motion to Dismiss, to which Kendrick has responded. By opinion and order entered September 7, 2022, I dismissed Kendrick's petition, but inadvertently failed to address Kendrick's ineffective assistance of counsel claims that his attorneys failed to assert his speedy trial rights prior to trial and failed to assert the denial of his right to a speedy trial during his trial or on appeal. Kendrick appealed and the court of appeals remanded the case "for consideration of the

unresolved claims." *Kendrick v. Edmonds,* No. 22-7126, 2023 WL 1990302, at *1 (4th Cir. Feb. 14, 2023) (unpublished).  That consideration follows.

## I.

On April 3, 2017, a grand jury for Albemarle County, Virginia, indicted the petitioner, under the name of "Richard Wade Kendrick, Jr." on eight charges, including three felony charges of wearing a mask in public in violation of Va. Code Ann. § 18.2-422, three misdemeanor charges of destruction of property in violation of Va. Code Ann. § 18.2-137, a felony violation of a protective order in violation of Va. Code Ann. § 18.2-60.4(C), and a felony stalking in violation of Va. Code Ann. § 18.2-60.3(A).  The victim, a woman named Erica Hughes, had been raised in part by Kendrick's daughter and considered Kendrick a "grandfather figure" and later Kendrick rented a home to her.[1]  Their relationship deteriorated when Kendrick expressed a romantic interest in Hughes and she rebuffed him.

The state charges arose from vandalism incidents of Hughes' car at her residence.   After her car had been vandalized repeatedly, Hughes requested assistance from the police.   Officers placed two surveillance cameras outside Hughes' residence.  The  cameras were equipped with motion detectors and night vision capabilities.  On March 13, 2016, Hughes heard a noise outside, and when

---

[1]  These facts are taken from the opinions of the Court of Appeals of Virginia in refusing Kendrick's direct appeals from his several convictions.  Resp't's Br. Exs. 4, 6, ECF No. 46-4, -6.

she looked out, she saw man running down her yard and stabbing her rear tire.  Even though his face was covered by a hood, she recognized the man as Kendrick.  The cameras also captured pictures of the perpetrator, and Hughes later testified at trial that she had no doubt that Kendrick was the person in the picture.  On June 24, 2016, Hughes found her car with a shattered windshield.  The camera again captured several pictures of the hooded perpetrator, and Hughes again identified the person in the photos as Kendrick.  On July 23, 2016, Hughes found puncture holes in the hood of her car and oil spewing out.  For this incident, there were no photographs.

Hughes and her family thereafter left Kendrick's rental house, and a year later, on November 15, 2016, several cars parked outside Hughes' new residence were vandalized.  Again, Hughes was able to identify Kendrick from the surveillance photos.  A witness testified that Kendrick had told him that he hated Hughes and wanted her dead.

Kendrick was arrested on April 12, 2017.  At his initial appearance, the trial court amended Kendrick's charges by removing the suffix "Jr." after his name, as requested by Kendrick.  The court fixed bond on May 11, 2017, and Kendrick was released.  Kendrick's attorney filed a motion to sever the charges, which the court granted in part.  Because the court found a common scheme for the vandalism incidents on March 13, June 24, and July 23, 2016, the court ordered four of the charges to be tried together: (1) wearing a mask and (2) destruction of property on

June 24, 2016; (3) destruction of property on July 23, 2016; and (4) wearing a mask on March 13, 2016.  The parties agreed to a trial to begin on October 17, 2017.

The court severed the November 15, 2016, charges of destruction of property and wearing a mask, because of the date of the offenses, because the November incident differed from the others in type of damage to the car, and because of the involvement of multiple cars in addition to the victim's car.  The court also severed the stalking and protective order violation charges because the court found that they would be overly prejudicial to Kendrick in a trial of the other charges.  The court decided that these remaining charges would be set for trials after the first case was tried.

Kendrick was found guilty at the first trial held on October 17 and 18, 2017, and the court ordered a presentence report and scheduled the matter for sentencing on December 28, 2017.  After some discussion about setting the other trial dates, defense counsel agreed to wait until sentencing to set the other two dates.

At the sentencing hearing on December 28, 2017, the trial court found over the objection of defense counsel that Kendrick lacked substantial capacity to understand the proceedings and to assist his attorney.  Accordingly, the court remanded Kendrick to custody and ordered a competency evaluation.  The evaluator filed the evaluation on February 5, 2018, finding Kendrick competent to stand trial.

The case was then scheduled for a docket call on March 29, 2018, to be reset for trial.

At the docket call on March 29, 2018, Kendrick requested new counsel, which the court granted. The matter was then continued to April 11, 2018, to be set with new counsel for sentencing on the first case and the trial dates on the remaining two cases. At that time the sentencing was scheduled for May 30, 2018. The trial date for the second set of charges, wearing a mask and destruction of property committed on November 15, 2016, was set for trial by jury on June 25, 2018, and the final set of charges, stalking and violating a protective order, was set for trial ten days later, July 5, 2018. The court's order reflected that these trial dates were agreed upon by the prosecutor and the defense attorney.

After being convicted of both charges at his June 25, 2018, second trial, Kendrick accepted a plea offer before the third trial date. Kendrick signed an agreement to plead guilty to the felony violation of a protective order. In exchange for his plea, the prosecutor agreed to a five-year sentence, suspended for 18 months of supervised probation and 10 years of good behavior, and agreed to dismiss the felony stalking charge. On July 5, 2018, the court accepted Kendrick's guilty plea, found him guilty, and sentenced him in accordance with the plea agreement. The final judgment order was entered October 17, 2018. Kendrick did not appeal.

According to the first page of his habeas petition, this is the conviction that Kendrick is currently challenging.[2]

On June 13, 2019, Kendrick filed a petition for habeas corpus in the Albemarle County Circuit Court, Case No. CL19-956, ostensibly challenging the convictions from the October 2017 trial.  He raised 39 issues in his petition, many of which pertained to the June 2018 trial, but none of them are raised in the current § 2254 petition.[3]   On June 28, 2019, just 15 days after filing the first habeas petition, Kendrick filed a second habeas petition in the Albemarle County Circuit Court, Case No. CL19-1043, purportedly challenging the convictions from his June 2018 trial. His arguments in that case included the same arguments in his first petition, challenging issues from both trials, but he also raised other issues, none of which are raised in the current § 2254 petition.

In a 27-page dismissal opinion, the state habeas court addressed all the issues raised in the first petition, noting that:

---

[2] Kendrick has filed two other habeas petitions in this court involving these state charges.  The first page of the petition in Case No. 7:22CV00431 identifies the convictions from the October 2017 jury trial.  The petition in Case No. 7:22CV00454 indicates that he is challenging the convictions from the June 25, 2018, jury trial.

[3] Among his 39 claims, Kendrick included some ineffective assistance of counsel issues.  He alleged that counsel was deficient in failing to object to testimony about a car vandalism incident in Fluvanna in 2015, in cross-examining Detective Woycik and Devon Butler, in failing to subpoena Rusty Morris, and in failing to argue in closing using the words that Kendrick felt should have been used.  The state court dismissed those ineffective assistance claims, and they are not related to the claims Kendrick has raised in his present federal petition.

> A review of this petition demonstrates that the petitioner is attacking counsels' representation with respect to multiple convictions following separate trials and arising out of criminal acts occurring on separate dates. The petitioner's attempt to raise these distinct matters in one habeas is statutorily improper. . . . Although the petition does not comply with the statute, the respondent addressed all of the claims raised in the interest of judicial economy, and this Court disposes of them accordingly as meritless.

Final Order 3 n.3, *Kendrick v. Edmonds*, No. CL19-956 (Albemarle Cnty. Cir. Ct. May 6, 2021).

In an abundance of caution, the court also ruled that Kendrick had no grounds for relief from the third conviction, arising out of his guilty plea to violating a protective order. *Id*. at 19–20. Kendrick had not challenged the voluntary and knowing nature of his guilty plea. When a guilty plea is knowingly and voluntarily entered, the conviction may not be collaterally attacked except on jurisdictional grounds. *Peyton v. King*, 169 S.E.2d 569, 571 (Va. 1969). The guilty plea precludes any constitutional challenges pre-dating the plea. *Id.*

The habeas court entered the opinion dismissing Kendrick's petition on May 6, 2021. On that same date, the court dismissed the second case as a successive petition. Kendrick filed a third state habeas petition on December 9, 2019, CL19-1932.

Kendrick appealed the first habeas decision to the Court of Appeals of Virginia, which transferred the case to the Supreme Court of Virginia. That court

procedurally dismissed the appeal because Kendrick's petition did not contain assignments of error as required by court rule. *Kendrick v. Edmonds*, No. 211052 (Va. May 31, 2022).

Kendrick also sought to appeal the dismissal of the second petition. Because Kendrick had never filed a notice of appeal in the trial court, the appellate court procedurally dismissed the appeal. *Kendrick v. Edmonds*, No. 0638-21-2 (Va. Ct. App. Sept. 27, 2021). Kendrick appealed the dismissal to the Supreme Court of Virginia, which again procedurally dismissed the appeal because the petition contained no assignments of error. *Kendrick v. Edmonds*, No. 211090 (Va. July 1, 2022). Kendrick never appealed the trial court's dismissal of the third petition.

## II.

Kendrick filed his current petition in this court on September 30, 2021, raising the following claims:

1. That his constitutional right to indictment by a grand jury has been violated because the indictment named Richard Wade Kendrick, Jr., and Kendrick is not a "Jr." Further, the trial court's amendment to the indictment, removing the suffix "Jr.", voided the indictment;

2. That his constitutional right to speedy trial under the Sixth Amendment and under Va. Code Ann. § 19.2-243 was violated; and

3. That his attorneys were ineffective for failing to object on speedy trial grounds to all charges not tried before January 12, 2018.

Claims (1) and (2) were fully resolved in this court's earlier dismissal. *Kendrick v. Edmonds*, No. 7:21CV00505, 2022 WL 4097341, at *3–4 (W.D. Va. Sept. 7, 2022). As directed by the court of appeals, I will resolve claim (3) in this Opinion.

### III.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application for habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Further, the petitioner must present to the state's highest court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

Closely related to exhaustion is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state

court's decision, that claim is procedurally defaulted for purposes of federal habeas review. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. *Yeatts v. Angelone*, 166 F.3d 255, 263–64 (4th Cir. 1998). A claim that has not been presented to the highest state court and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now is treated as procedurally defaulted. *Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990).

Before a federal habeas court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice as a result of the claimed federal violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the prisoner. *Id.* at 753. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Kendrick's claims are procedurally defaulted. He did not raise these claims in his state habeas petition that was considered on the merits. Even if he had raised

the issues, his appeal to the state's highest court was procedurally dismissed for failure to comply with a state rule that is an independent and adequate ground for the state court's decision. *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999). Kendrick has offered no objective factor, external to the defense and not attributable to him, that would excuse his failure to raise these issues in his state habeas petition or earlier. Ignorance of the law is not good cause. Nor can Kendrick establish prejudice, as will be discussed more fully in the next section.

A different rule for cause and prejudice applies to allegations of ineffective assistance of counsel. *Martinez v. Ryan*, 566 U.S. 1, 13–15 (2012). A federal habeas court may consider the merits of a defaulted ineffective assistance claim if claims of ineffective assistance cannot be raised until post-conviction proceedings, the petitioner had no counsel at state post-conviction proceedings (or if he did, the attorney was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)), that ineffective assistance of counsel was raised in state proceedings, and that the defaulted claim of ineffective assistance is a "substantial claim," meaning that it has some merit. *Martinez*, 566 U.S. at 14.

Kendrick meets the first prongs easily. In Virginia, claims of ineffective assistance of counsel must be raised in a habeas corpus proceeding, not on direct appeal. *Lenz v. Commonwealth*, 544 S.E.2d 299, 304 (Va. 2001). Kendrick alleged some ineffective assistance of counsel claims, which the state habeas court denied,

but not the claims he seeks to bring in this matter.  Finally, Kendrick had no counsel to represent him in the state habeas proceeding.  However, his claim must also have some merit to be substantial.  Kendricks' claims of ineffective assistance of counsel are not substantial.

Kendrick alleges that his first trial attorney and his second trial attorney were ineffective because they failed to object to continuances and otherwise preserve his speedy trial rights.  Specifically, he alleges that his first attorney did not move to dismiss all charges that had not been brought to trial by January 12, 2018, nine months after his arrest, as required by Va. Code Ann. § 19.2-243.

The statute lists several exceptions, and those express exceptions are not all-inclusive.  Other exceptions of a similar nature are implied.  *Wallace v. Commonwealth*, 774 S.E.2d 482, 488 (Va. Ct. App. 2015), *aff'd*, 798 S.E.2d 595 (Va. 2016).  One of the explicit exceptions is that when a continuance is granted on motion of the accused or his attorney, or when the defendant or his attorney agrees to a continuance, that time does not count towards the nine-month limit.  Va. Code Ann. § 19.2-243(4).

Kendrick's first trial attorney, when setting the initial date, advised the court that he was not waiving speedy trial rights when setting the initial trial date of October 17.  Hr'g Tr. at 16–17, May 11, 2017.  Further, the time between a defendant's arrest and the initial trial date is not tolled from the speedy trial

- 12 -

calculation just because defense counsel does not insist on a trial date within the prescribed period. *Nelms v. Commonwealth*, 400 S.E.2d 799, 800–01 (Va. Ct. App. 1991). From the date of Kendrick's arrest, April 12, 2017, until the trial date of October 17, 2017, 188 days, counted against the prosecution. Thereafter, while his first trial attorney was still in the case, the following events caused a continuance: The defense motion to sever the charges for separate trials, counsel's agreement to set the next trial dates at the sentencing hearing on December 28, the court's motion — over defense objection — to have Kendrick evaluated for competence and Kendrick's subsequent custody for observation, and Kendrick's motion on March 29, 2018, for new counsel. These events tolled the statute of limitations under the Virginia speedy trial statute, and Kendrick alleges ineffective assistance of counsel for actions that deprived him of his right to a speedy trial.

To prevail on an ineffective assistance of counsel claim, petitioner must show (1) that counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Unless both prongs of the test are met, a petitioner cannot prevail. Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. A reviewing court must strongly presume that counsel rendered adequate performance and that all significant

decisions were made in the exercise of reasonable judgment, and the court must not rely upon "the distorting effects of hindsight." *Id.* at 689–90.

For the reasons previously explained in the court's earlier decision, 2022 WL 4097341, at *4, there was no violation of Kendrick's constitutional right to a speedy trial. Therefore, any motion to dismiss based on the constitutional right would have been futile. There is neither deficient performance nor prejudice to the defendant when counsel fails to file a futile motion. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005). The crux of Kendrick's claim is that his attorney failed to protect his right to have trial dates within nine months from the date of his arrest.

Given the number of charges, the different dates involved, and the same victim in all incidents, it was reasonable for counsel to request severance of the charges to minimize prejudice to his client. Kendrick argued in his state habeas that the trial court erred by not severing the four charges that were tried together in the first trial, so he cannot now complain that counsel should not have made the motion. The court ruled on the defense motion to sever the charges on October 4, 2017, less than two weeks before the trial was scheduled. The court indicated that the trial dates for the separate trials would be set after the first trial, which was already scheduled for October 17. The motion to sever did not delay that trial. When the first trial began, 85 days remained on the speedy trial clock. *See McCray v. Commonwealth*, 605 S.E.2d 291, 296 (Va. Ct. App. 2004) (recognizing that the nine-month speedy trial

limit allows 273 days).   Counsel could reasonably have anticipated that the remaining two trials could be set within the remaining 85 days.

On October 18, 2017, during discussion after the trial, defense counsel agreed to wait until the sentencing hearing to set the other two trial dates.  Because he agreed to the continuance, the speedy trial clock was tolled during those two months. Whether his agreement constituted deficient performance under *Strickland* requires the court to determine whether a reasonable attorney could have agreed to such a continuance, granting him the presumption of reasonableness that courts must apply. From counsel's statement on the record, it is apparent that he had a strategic reason for agreeing to the continuance.  He said, "I'm fine with setting a sentencing date and then if possible, given what happened today if we could maybe talk to the Commonwealth again and somehow work this case — well, have something other than setting two jury trials." Tr. at 329.  It is not unreasonable for counsel to hope that an acceptable plea might be reached or to hope that the prosecutor might dismiss the remaining charges after Kendrick received a significant sentence on the first set of charges.  Because the decision to agree to that two-month continuance was reasonable, Kendrick has failed to show deficient performance.  I need not address prejudice, because Kendrick has failed to meet the first prong of the *Strickland* test.

When Kendrick appeared on December 28, 2017, the court became concerned about Kendrick's competence.  On the court's motion, and over defense counsel's

objection, the court ordered Kendrick detained for a competency evaluation. The time during which he was confined for observation does not count towards the nine-month limit. Va. Code Ann. § 19.2-243(1). Defense counsel did not create this delay, and he objected to the court's decision. There is no deficient performance because there is nothing more he could have done. The law recognizes that some delays are excusable, even when the defendant does not agree to the delay. From December 28, 2017, until February 5, 2018, when the psychological evaluation report was filed with the court, the speedy trial limitation was tolled.

The respondent concedes that the time between February 5 and March 29, 2018, 52 days, counts against the speedy trial limit. The Commonwealth had 33 days remaining for the two trials. However, the situation changed when Kendrick requested a new lawyer. Kendrick himself made this request, not his lawyer. His lawyer's actions were not responsible for the delay caused by Kendrick's motion. There was no deficient performance by counsel. Because the court granted the motion, it was necessary to appoint new counsel before the trial dates could even be set. New counsel appeared in court with Kendrick on April 11, 2018, to set the remaining dates. The time between March 29 and April 11 is excluded from the nine-month calculation.

For the reasons stated, Kendrick's first attorney did not provide deficient performance in moving to sever the trials, agreeing to the two-month continuance

from October to December, objecting to the court's order for psychological evaluation, or in failing to file a motion to dismiss for violation of the speedy trial statute. Because his performance was not deficient in any way that led to the delayed trial date, there was no ineffective assistance of counsel.

On April 11, 2018, Kendrick's new attorney agreed to continue the sentencing hearing to May 30, 2018, and to set the two trials for June 25, 2018, and July 5, 2018, respectively. The continuance was by agreement of counsel, which means that the delay between April 11 and July 5, the date Kendrick was convicted of the charge involved in this matter, did not count towards the speedy trial time limit. The questions presented by Kendrick's allegations of ineffective assistance by his second counsel are (1) whether counsel was ineffective for agreeing to trial dates 75 days and 85 days away and (2) whether counsel was ineffective for failing to file a motion to dismiss the charges based on the violation of his speedy trial rights.

Attorney Eustis entered the case in April 2018 with no prior knowledge of the case. He was required to investigate the case, review material from the previous trial, confer with previous counsel, meet with Kendrick, interview witnesses, prepare for a sentencing hearing, and prepare for two jury trials to be held 10 days apart. Resp't's Br. Ex. 35, Eustis Aff. 2, ECF No. 46-40. The time needed to properly perform such investigation and preparation is significant, especially when attorneys are managing more than one case at a time. An attorney has an ethical obligation to

be diligent and thorough in preparation of a client's case.  The Supreme Court has held that "only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case.  Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier." *New York v. Hill*, 528 U.S. 110, 115 (2000).  There was no deficient performance by Eustis in agreeing to the trial date.

For all the reasons previously discussed regarding Kendrick's first attorney, there was no reason for Eustis to file a motion to dismiss on speedy trial grounds. Neither the statute nor the constitutional right to speedy trial had been violated. There is neither deficient performance nor prejudice to the defendant when counsel fails to file a futile motion.  *Moody*, 408 F.3d at 151.

Because his claims of ineffective assistance lack merit, they are not substantial claims, and Kendrick has failed to overcome his procedural default of these claims.

## IV.

For the reasons stated, I will dismiss the present petition.  I decline to issue a certificate of appealability because Kendrick has not made a substantial showing of the denial of a constitutional right.

A separate Final Order will be entered herewith.

DATED:  September 28, 2023

/s/ JAMES P. JONES

Senior United States District Judge